IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BERNARD JENKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 06-1428 |
| ) | Judge David S. Cercone |
| PORT AUTHORITY OF ALLEGHENY ) | Magistrate Judge Lisa Pupo Lenihan |
| COUNTY; WILLIAM WAGNER and ) | |
| MICHAEL HARRIS, individually and ) | |
| in their official capacities ) | |
| ) | |
| Defendants. ) | |

## **SUPPLEMENTAL REPORT AND RECOMMENDATION**

It continues to be respectfully recommended that the Motions for Summary Judgment filed by Defendants be denied as to Count I as against Defendants Port Authority and Wagner, but granted as to all other claims and as to the unavailability of punitive damages against Defendant Port Authority.  Defendant's Objections not withstanding, the May 30, 2008 Report and Recommendation (the "May R&R") contained citation to the proper Third Circuit standards for determination of entitlement to summary judgment on claims of an officer's civil liability for violation of Constitutionally-protected rights under § 1983.  It also cited to specific evidence of record raising fact questions from which a reasonable jury could conclude that the officer should have known probable cause for criminal arrest did not exist and that the officer made material omissions in his Affidavit to the Magisterial District Judge.

As noted in the May R&R, a § 1983 claim can encompass unlawful arrest, false imprisonment and/or malicious prosecution. See May R&R at 10 (detailing Plaintiff's assertions). Defendant correctly cites, in its Objections, to the Third Circuit's decision in Wilson v. Russo, 212 F.3d 781, 786-87 (3d Cir. 2000). In Wilson, then-Chief Judge Becker noted the Supreme Court's general holding that "a police officer may be liable for civil damages for arrest if no reasonable, competent officer would conclude that probable cause exists." Id. at 789-90 (quoting Malley v. Briggs, 475 U.S. 335 (1986)). The Opinion then clarified the Circuit's standard for a § 1983 claim for false arrest in which, as here, a warrant was issued by a Magisterial District Judge. More particularly, it observed that "an arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability" under § 1983 or establish probable cause. Id. at 786.[1] The Circuit Court applied a test arising from Franks v. Delaware, 438 U.S. 154 (1978), in which the Supreme Court held that a hearing regarding the exclusion of evidence is required where a criminal defendant shows by a preponderance of the evidence that a false statement, made knowingly or with reckless disregard of the truth, was material to the finding of probable cause. In applying the Franks exclusionary rule standard to a civil liability/Fourth Amendment claim, the Circuit Court noted that a plaintiff may succeed in such action if he shows that (1) the officer knowingly, or with reckless disregard for the truth, made false statements or omissions in applying for the warrant and (2) those statements or omissions

---

1. In Malley, the Supreme Court explained that the question for civil rights liability under § 1983 is whether the officer should have know that his affidavit failed to establish probable cause and that he should not have applied for the warrant; if such is the case, application for the warrant was not objectively reasonable, because it created unnecessary danger of unlawful arrest. See 475 U.S. at 345; see also id. at 345 ("We find it reasonable to require the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment.").

2

were material or necessary to the finding of probable cause. Id. at 786-87. And, as to omissions, it concluded that an officer shows "reckless disregard" for the truth as would support a § 1983 claim where he does not include information that a reasonable person would understand to be "the kind of thing the judge would wish to know." Id. at 788 (quoting United States v. Jacob, 986 F.2d 1231, 1235 (8th Cir. 1993); see also id. at 797 (Pollak, J.) (concurring and dissenting) (further explaining that a judicial officer would want to know information that "at least ha[s] the potential to make a difference in the determination of the existence of probable cause").[2]

The May R&R also provides citation to Wilson, as well as to the Circuit's decision in Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000). See May R&R at, *e.g.*, pp. 13 and 16.[3] It concludes that the "decisions to obtain a warrant for Plaintiff's arrest, cause his criminal detention in the County jail, and pursue criminal prosecution against him were no small matter", and that "Plaintiff has raised sufficient evidence of material fact questions" as to the

---

2. In Jacob, the Court found reckless disregard where the officer averred that a drug-sniffing dog showed "interest" in bag, but failed to advise the Magistrate Judge that the dog had not gone into "alert", which the Court concluded was "highly relevant" omitted information. In Wilson, the Court concluded that known differences between plaintiff's height and the height given in the investigative report, and the fact that one of two eye-witnesses did not identify plaintiff, were relevant and omitted, showing reckless disregard. The Court further concluded, however, that the omissions were not material where a robbery had occurred; eyewitness victims provided detailed descriptions; and one of two victims, as well as third-party, then identified the plaintiff during an extended investigation. See also Russo v. Voorhees Township, 403 F.Supp.2d 352, 357 (D.N.J. 2005) (concluding that officer's omission of known potentially exculpatory information was sufficient evidence of reckless disregard, but that probable cause for arrest existed given sexual assault victim's positive identification of assailant known to her).

3. See also Merkle, 211 F.3d 782 (observing that (a) Magistrate's finding is not determinative in § 1983 action and (b) probable cause is present only if facts and circumstances within officer's knowledge and of which he has reasonably trustworthy information, are sufficient to warrant a prudent man in believing the individual charged had violated the law, and applying Franks test); id. (concluding that probable cause to charge theft existed as matter of law where school principle observed teacher loading school art supplies into her vehicle).

3

reasonable basis for these acts. See May R&R (noting "questions of fact regarding the reasonableness (vs. recklessness) of proceeding with criminal prosecution without further inquiry").

To clarify, then, the basis for the May R&R's recommendation as to Plaintiff's § 1983 claim for false arrest, the Court concludes that a jury could find that there were material omissions in the Affidavit information provided to the Magisterial District Judge and that probable cause for arrest did not reasonably exist. To put this another way, a reasonable jury could conclude that the officer showed "reckless disregard". And in this case, unlike Wilson, it is not apparent that the warrant would have issued even if the Magisterial District Judge was aware of additional information within Defendants' ken, *e.g.*, the time-lapse/stop-gap nature of the surveillance video and availability of frame-by-frame review technology that would disclose the extent of the time-gaps in the tape at issue, and/or Plaintiff's contemporaneous transportation to the hospital by his supervisor and receipt of medical treatment.[4] Cf. Wilson, 212 F.3d at 787 (framing question as whether plaintiff "adduced sufficient evidence that a reasonable jury could conclude [the officer] made statements or omissions" with knowledge of falsity or reckless

---

4. As explained in detail in the May R&R, it appears to this Court that full information (including information going to the reliability/limitations of the evidence offered and/or potentially exculpatory information) may be particularly relevant to a question of probable cause to criminally arrest plaintiff for filing a false police report; that is, where the incriminating evidence must show probable cause to believe that something (*i.e.*, an injurious bump) did *not* happen, rather than that it did (as opposed, *e.g.*, to the use of surveillance videos capturing theft or other criminal *acts* on tape).

The Court also notes, but does not rely on, the question, raised by Judge Colville prior to *nolle prosequi*s of the criminal charge against Plaintiff, of the reasonable applicability of the criminal violation charged to an employee's report of work-related injury. Cf. Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988) (discussing language and scope of criminal statute charged in assessment of probable cause to believe accused was guilty of crime).

disregard, and concluding plaintiff had); id. at 792 (further concluding, in light of evidence, that District Court correctly found, in granting summary judgment, that "no reasonable jury could find facts that would lead to the conclusion that" with accurate and fully-disclosed information, a warrant would not have issued/would have lacked probable cause).  Cf. also Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997) ("[T]he existence of probable cause in a § 1983 action is a question of fact."); Merkle v. Upper Dublin School Dist., 211 F.3d 782 (3d Cir. 2000) (observing that question of probable cause for arrest is for jury in § 1983 action and that District Court may conclude it exists as a matter of law, and enter summary judgment for official, only where evidence viewed most favorably to plaintiff would not support a contrary fact finding).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service of a copy of this Supplemental Report & Recommendation to file objections.  Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.

                                        LISA PUPO LENIHAN
                                        United States Magistrate Judge

Dated: July 15, 2008