IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| BERNARD JENKS, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | 2:06cv1428 |
| | ) | Electronic Filing |
| v. | ) | |
| | ) | Judge David S. Cercone |
| PORT AUTHORITY OF ALLEGHENY | ) | Magistrate Judge Lisa Pupo Lenihan |
| COUNTY; WILLIAM WAGNER and | ) | |
| MICHAEL HARRIS, individually and | ) | |
| in their official capacities | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

Plaintiff's Complaint was received by the Clerk of Court and was subsequently referred to United States Magistrate Judge Lisa Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges

The May 30, 2008 Report and Recommendation recommended that the Defendants' Motions for Summary Judgment be denied as to Count 1 of the Complaint as against the Port Authority of Allegheny County ("PAT") and Defendant Wagner but granted as to (a) all other claims and (b) the unavailability of punitive damages against PAT. Objections were timely filed by the parties, and the Magistrate issued a Supplemental Report and Recommendation on July 15, 2008, clarifying the basis for the recommendation regarding Count 1. Further Objections were filed by the Defendants.

This Court has reviewed the parties' pleadings, and the documents of record in this case, and observes that the actual language of Sgt. Wagner's June 27, 2005 Affidavit represents to the Magistrate Judge that the videotape establishes ( that it "shows") the non-occurrence of the work-

injury/accident alleged by Jenks (*i.e.*, that it establishes probable cause to arrest him). More particularly, Sgt. Wagner avers in his half-page Affidavit:

> I conducted a follow up investigation regarding an injury to . . . . Jenks [who reported that the equipment rolled back and struck him in his right hip area]. . . . Later that same night Mr. Jenks completed an accident report and claimed injuries to his right leg, hip and arm and proceeded to go off of work on workman's compensation. I later reviewed a video tape of the incident which was provided from a surveillance camera inside the subway station. . . I located the incident [on the tape]. . . . [A]t no time was Mr. Jenks shut inside the door or hurt in any way. The video further shows that neither the ramp that was pulled down the platform, nor the equipment made contact with Mr. Jenks. I, [Sgt. Wagner], respectfully request that an arrest warrant be issued . . . .

The wording of the Affidavit thus represents to the Magistrate Judge that the video "shows" that Jenks lied about his injury (that the equipment did not strike him). Indeed, it also refutes the occurrence of things that Jenks does not allege, *i.e.*, being shut inside the door or struck by the ramp. And while the Affidavit asserts the reliability of the video in establishing the non-occurrence of a momentary contact, it does not disclose that the video was time-lapse or that PAT had in-house equipment to determine the duration/extent of those gaps in assessing whether or not the contact could have occurred within them. Similarly, while the Affidavit details Plaintiff's completion of an accident report and subsequent work absence and worker's compensation claims, it omits any mention of his medical treatment (including transportation to the Emergency Room by his supervisor for treatment at the end of his shift).

In short, a reasonable jury could certainly find that the Affidavit omitted facts which the Magistrate Judge "would wish to know" (*i.e.*, that Defendant Wagner showed reckless disregard). See Wilson v. Russo, 212 F.3d 781 (3d Cir. 2000). It could also find that probable cause to

charge Plaintiff with criminal fraudulent reporting did not reasonably exist at that time (*e.g.*, that further inquiry/evidence was warranted).

AND NOW, therefore, this 19th day of August, 2008:

**IT IS HEREBY ORDERED** that the aforesaid Defendants' Motion for Summary Judgment be **DENIED** as to Count 1 of the Complaint as against PAT and Defendant Wagner, but **GRANTED** as to (a) all other claims and (b) the unavailability of punitive damages against PAT.

**IT IS FURTHER ORDERED** that the Report and Recommendations of Magistrate Judge Lenihan are adopted as the Opinions of the Court.

*DS Cercone*
David Stewart Cercone
United States District Judge

cc: Honorable Lisa Pupo Lenihan
United States Magistrate Judge

J. Kerrington Lewis, Esquire
Lewis & Lewis
1040 Fifth Avenue
Pittsburgh, PA 15219

Gregory J. Krock, Esquire
Cindy Dunlap Hinkle, Esquire
Buchanan Ingersoll & Rooney
301 Grant Street
One Oxford Centre, 20th Floor
Pittsburgh, PA 15219

Joseph E. Starkey, Jr., Esquire
Allegheny Energy, Inc.
800 Cabin Hill Drive

Pittsburgh, PA 15601

Michael J. Cetra, Esquire
Port Authority of Allegheny County
345 Sixth Avenue, Third Floor
Pittsburgh, PA 15222